UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CHARLES ANDREW ARROYO, JR., )
)
    Petitioner, ) Civil No. 6:17-cv-069-GFVT
)
v. )
)
J. RAY ORMOND, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Charles Andrew Arroyo, Jr., is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Arroyo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1, 7.] For the reasons set forth below, the Court will deny Arroyo's petition.

In July 2006, Arroyo pled guilty to conspiracy to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846. *See United States v. Arroyo*, No. 3:06-cr-479-PRM (W.D. Tex. 2006). The United States District Court for the Western District of Texas determined that Arroyo was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. Ultimately, the trial court sentenced Arroyo to 210 months in prison. [*See id.* at R. 73.]

While Arroyo did not file a direct appeal, he did move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [*See id.* at R. 74.] However, the district court denied that motion, [*see id.* at R. 95], as well as other motions Arroyo filed seeking a reduction in his sentence. [*See id.* at R. 100, 131.]

Arroyo has now filed a § 2241 petition with this Court. Arroyo appears to be arguing that, in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior felony convictions are no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines. Indeed, Arroyo cites *Mathis* and argues that two of his "prior offenses are no longer a categorical match for a 'crime of violence'" and thus he "is actually innocent of the career offender enhancement." [R. 7 at 2.]

Arroyo's § 2241 petition, however, is an impermissible collateral attack on his sentence. That is because while a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Arroyo cannot use a § 2241 petition as a way of challenging his sentence.

Arroyo nevertheless argues that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition [R. 1 at 5], and it appears that he is trying to rely on the Sixth Circuit's decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. [R. 7 at 2.] But Arroyo's argument is off base. To be sure, the Sixth Circuit has said that "the so-called savings clause of section 2255 provides that if section 2255 is inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012)

(internal citations and quotation marks omitted). Then, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit explained the circumstances under which a prisoner may challenge a sentence enhancement in a § 2241 petition. However, in doing so, the Sixth Circuit expressly limited those circumstances to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

Those circumstances do not apply in this case. After all, the trial court sentenced Arroyo in October 2006, well after the Supreme Court decided *Booker* and held that the sentencing guidelines were advisory. Therefore, Arroyo's argument regarding § 2255(e)'s savings clause and his reliance on *Hill* are simply unavailing.

Accordingly, **IT IS ORDERED** that:

(1) Arroyo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1, 7**] is **DENIED**.

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

(3) Judgment shall be entered this date.

This the 13th day of July, 2017.

Gregory F. Van Tatenhove
United States District Judge